UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROBERT and RUTHANN ELWING,

    Plaintiffs,

v.

ALLIED HOME MORTGAGE CAPITAL CORPORATION; et al.,

    Defendants.

3:11-CV-0732-LRH-WGC

ORDER

Before the court is defendants CitiMortgage, Inc. ("Citi") and Cal-Western Reconveyance Corp.'s ("CRC") motion to dismiss. Doc. #6.[1] Plaintiffs Robert and Ruthann Elwing (collectively "the Elwings") filed an opposition (Doc. #10) to which defendants replied (Doc. #11).

Also before the court is defendant Old Republic Default Management Services's ("Old Republic") motion to dismiss. Doc. #9.[2]

**I.    Facts and Procedural History**

In 2005, the Elwings purchased real property through a mortgage note and deed of trust executed by defendant Allied Home Mortgage Capital Corporation ("Allied"). The Elwings

---

[1] Refers to the court's docketing number.

[2] Defendant Old Republic has already been dismissed as a defendant in this action pursuant to a stipulated agreement between the parties. Doc. #17. Therefore, the court shall deny Old Republic's motion as moot.

defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Elwings filed a complaint against defendants alleging nine causes of action: (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit A. Thereafter, defendants Citi and CRC filed the present motion to dismiss. Doc. #6.[3]

## II.  Legal Standard

Citi seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

---

[3] Defendant CRC has also already been dismissed in this action pursuant to a stipulated agreement between the parties. *See* Doc. #15. Therefore, the court's order shall only address defendant Citi.

2

1  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
2  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
3  relief." *Id.* at 1949 (internal quotation marks and citation omitted).
4      In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
5  true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of
6  the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*
7  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)
8  (internal quotation marks omitted). The court discounts these allegations because "they do nothing
9  more than state a legal conclusion—even if that conclusion is cast in the form of a factual
10 allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
11 dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
12 plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

13 **III.   Discussion**

14     **A.  Debt Collection Violations**

15     Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal
16 Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here,
17 the Elwings allege that defendants violated the FDCPA by initiating a non-judicial foreclosure
18 without following the proper procedures for attempting to collect a debt.
19     It is well established that non-judicial foreclosures are not an attempt to collect a debt under
20 the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank*
21 *FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev.
22 2010) (holding that recording a notice of default is not an attempt to collect a debt because the
23 borrower already consented to allow the foreclosure trustee to record the notice upon default).
24 Therefore, the court finds that the Elwings fail to state a claim against defendant Citi for violation
25 of the FDCPA, and thereby NRS § 649.

26

### B. Nevada Unfair and Deceptive Trade Practices Act

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). The Elwings allege that defendants violated the statute by recording the underlying notice of default without having a state business license. *See* Doc. #1, Exhibit A.

Initially, the court notes that the allegations against defendants are conclusory allegations that offer nothing more than a formulaic recitation of the elements of a violation. As such, they are insufficient to state a claim upon which relief can be granted. *See Moss*, 572 F.3d 969. Further, defendant Citi did not need to be licensed to conduct business in the state of Nevada because foreclosing on real property is not an attempt to collect a debt requiring a separate license. *See Hulse*, 195 F. Supp. 2d 1188.

### C. Nevada Unfair Lending Practices Act

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the statute was amended. Although the Elwings allege that defendants violated the present version of the statute, their loan originated in early 2005, prior to the current amendment. Therefore, the Elwings' loan cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan.

Additionally, the Elwings' unfair lending practices claim is barred by the applicable statute of limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two (2) years. *See* NRS § 11.190(3)(a). The Elwings purchased the property in 2005, and did not file the present action until 2011, over four years after the statute of limitations had expired.

### D. Breach of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith

4

and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

The Elwings allege that defendants breached the implied covenants by misrepresenting the cost of credit involved in the loan agreement. However, these alleged misrepresentations occurred *before* a contract was formed. *See* Doc. #1, Exhibit A. The Elwings fail to allege any facts to establish a breach of the implied covenants *after* the contract between the parties was formed. Thus, the Elwings fail to allege a claim for breach of the covenants of good faith and fair dealing.

**E.  NRS 107.080**

In their complaint, the Elwings allege that defendants improperly foreclosed on their property because the promissory note was severed from the deed of trust and none of the defendants hold the original mortgage note. *See* Doc. #1, Exhibit A.

At the time of Elwings' foreclosure, Nevada law did not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Therefore, the Elwings fail to allege a claim upon which relief can be granted.

**F.  Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, Citi does not claim any interest in the property adverse to the Elwings' interest in the property. Therefore, the Elwings have no grounds to quiet title.

### G. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, the Elwings fail to allege anything more than defendants defrauded them during the loan process. There are no allegations of who failed to provide information or what information was not provided. Further, the Elwings fail to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that the Elwings' allegations are insufficient to support their claim for fraud.

### H. Slander of Title

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998). Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging the Elwings' title. First, the Elwings concede that they were in default on their loan. Thus the notice of default does not make a false statement about his title to the property. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds the Elwings have failed to state a claim for slander of title.

### I. Abuse of Process

To establish a claim for abuse of process a party must show that an opposing party (1) had an ulterior purpose for bringing a legal action other than resolving a legal dispute, and (2) used the legal process in a way that is not proper in the regular conduct of the proceeding. *Las Vegas Fetish*

and *Fantasy Halloween Ball, Inc. v. Ahern Rentals*, 182 P.3d 764, 767 (Nev. 2008); *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 982 (D. Nev. 2009).

Here, the court finds that the Elwings have failed to allege any facts demonstrating that defendants had an ulterior motive in initiating non-judicial foreclosure proceedings other than the resolution of their default on the mortgage note. Further, the process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim. *See e.g., Smith v. Wachovia Mortgage Corp.*, 2009 WL 1948829, *5 (N.D. Cal. 2009). Therefore, the court finds that the Elwings have failed to state a claim for abuse of process. Accordingly, the court shall grant Citi's motion to dismiss.[4]

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #6) is GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. #9) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[4] The court, in granting the motion to dismiss, notes that the Elwings did not request leave to amend their complaint. However, even if they did request leave to amend, the court would deny the request because they have failed to make any showing that amendment in this particular case would not be futile or that they could overcome the identified pleading defects.